Amos Van Winkle, Administrator of the Estate of John Van Winkle, Deceased, v. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Railroads: OPINION: EVIDENCE. The issue being what caused decedent's death, a physician may not say that the condition of the decedent at a certain time "might readily have followed such an injury as he then complained of and claimed he had received," the basis of the opinion being a statement made by deceased to the doctor in which deceased "claimed and stated that his condition was due to an injury over the region of the lungs and that part of the lungs where he was suffering, and exposure after received the injury."

DUTY OF MASTER. The railroad is not bound to furnish cars which may be coupled without "any" danger of being squeezed.

PRACTICE. Where it appears that the fault of a car, if any, lies in the original construction, the question of whether it was out of repair should not be submitted.

*Appeal from Wapello District Court.*—Hon. J. C. Mitchell, Judge.

FRIDAY, JANUARY 25, 1895.

This action was originally brought by John Van Winkle to recover for personal injuries alleged to have been sustained by him while in the employment of the defendant as a brakeman, and while engaged in coupling an engine and "foreign" freight car, without fault on his part, and because of the defendant's negligence, as follows: "The defendant was negligent in moving back upon him when caught; in not obeying his signal; in not stopping; in not releasing him; in not inspecting, and receiving a car, and placing it in the train with some defective condition as to render it impossible to couple; in placing it at the position in

the train next to the tender; in not prescribing rules and giving instructions in regard to the same for his protection; in other respects in the facts and circumstances of the case; and in not properly caring for him." The death of said plaintiff being shown, his administrator was substituted as plaintiff, and alleged that the death of his intestate was caused by the negligence and injuries complained of. Defendant answered, denying generally, and the cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

McElroy & Roberts for appellant.

M. A. McCoid and W. H. C. Jaques for appellee.

Given, C. J.—I.   On the trial, Dr. E. G Lynn, who attended deceased professionally, after stating the condition of deceased, and naming causes that might produce such a condition, was permitted, over appellant's objections, to testify in substance as follows: That deceased claimed and stated that his condition was due to an injury over the region of the lungs, and that part of the lungs where he was suffering and exposure after having received the injury. Dr. Lynn was also permitted to state that the condition of deceased "might readily have followed such an injury as he then complained of, and claimed he had received;" also, that "no symptoms appeared during the progress of the disease that would lead me to change the diagnosis at all." The doctor was not asked, nor did he state, what deceased said as to how he was injured or the extent of the injury, but was permitted to express his opinion that the condition of deceased "might readily have followed such an injury as he then complained of, and claimed he had received."

We have the opinion of the doctor without the statements upon which he based it, and upon the truth or falsity of which its value depends. The most important issues in this case are whether the deceased was injured as claimed, and, if so, whether such injury was the cause of his sickness and death. The deposition of deceased was in evidence, wherein he states the time and manner in which he was injured, and the effect thereof. Had these statements been laid before Dr. Lynn, and his opinion asked, based thereon, the jury would have had the means of determining the value of the opinion; but, as it was, it had the opinion without its basis. It had no right to assume that the opinion was based upon statements the same as those found in the deposition, for there was no evidence that they were the same. The rule with reference to the statements of a patient to his physician, and of complaints of pain and suffering, are not applicable to this question. In view of the importance of the two issues named and the state of the evidence with respect thereto, we think the error in admitting this opinion was prejudicial to the appellant.

II.   The evidence tends to show that deceased was injured while engaged in coupling the rear end of an engine to a standing "foreign" car of a different construction from the cars of defendant; that the car and engine were upon a curved track; that deceased stepped between them from the inside of the curve; and that because thereof, and of the construction of the car and the movement of the engine, he was injured "by being squeezed or compressed" between them.   The court submitted the question whether the car was out of repair.   In this, we think, there was error, as we do not find any evidence whatever that this car was out of repair; but, on the contrary, it appears, from inspection made shortly before and after, that the

car was in good order. The fault, if any, was in the original construction, and not in the car's being out of repair. The court also instructed to the effect that it was the duty of the defendant to exercise ordinary care in seeing that the coupling appliances were of such construction and in such repair that couplings could be made "without any danger of the brakeman or switchman making the coupling being injured by being squeezed or compressed." We think this imposes upon defendant a higher degree of care than has been recognized, and relieves the employe from the ordinary hazards which he assumes in accepting the employment. It is a recognized fact that there are dangers attending the coupling of cars, and that the employe who accepts that employment assumes the ordinary dangers thereof. Under the instruction the defendant would be bound to provide such appliances as that couplings could be made without any danger of "being squeezed or compressed."

III. Appellant contends that the court erred in refusing to instruct the jury to find for the defendant because of deceased's contributory negligence in not using a stick in making the coupling, as required by the train rule No. eighty-three. Appellee contends, we think correctly, that no such claim was made on the trial. It is certainly clear that, if train rule No. eighty-three was in evidence, nothing was claimed from that part of it which provides for the use of a stick. As, for the reasons already stated, the judgment of the District Court must be reversed, we need not further notice this contention, nor the other errors discussed, as they are such as will not arise upon a retrial of the case. The judgment of the District Court is *reversed.*